**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MCCARTHY BARNES, JR., | DOCKET NUMBER |
| Appellant, | DC-0752-13-0357-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: September 3, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frederic W. Schwartz, Jr., Esquire, Washington, D.C., for the appellant.

Lundi McCarthy Shafiei, Esquire, and Steven J. Weiss, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    The appellant appealed the agency's action removing him from employment as a Police Officer, AD-0083-07, with the Pentagon Force Protection Agency, Department of Defense.  Initial Appeal File (IAF), Tab 1, Tab 4 at 23.  After a hearing, the administrative judge affirmed the agency's action.  IAF, Tab 36, Initial Decision (ID) at 1, 24; *see* IAF, Tab 35.  The initial decision was issued on February 21, 2014.  ID at 1.  The appellant filed a petition for review on March 31, 2014.  Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3    A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  5 C.F.R. § 1201.114(e).  Here, the initial decision was issued on February 21, 2014.  ID at 1.  The administrative judge informed the appellant that the initial decision would become the Board's final decision on March 28, 2014, in the absence of a petition for review or a Board decision to reopen the case on its own motion.  ID at 24.  The appellant hand-delivered the petition for review to the Board on March 31, 2014.  PFR File, Tab 1.  He has not alleged that he received the initial decision more than 5 days after the date of issuance.  *See* PFR File, Tab 2.  The finality date of March 28, 2014, would thus apply.  *See* 5 C.F.R. § 1201.114(e).  The petition for review was filed late by 3 days.

¶4    The Board will waive its time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  A late-filed petition for review must be accompanied by a motion that shows good cause for the untimely filing unless the Board has specifically granted an extension of time or a motion for an

extension is pending. *Id.* The motion must be accompanied by an affidavit or statement signed under penalty of perjury, which includes the reasons for failing to request an extension before the filing deadline and a specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence. *Id.*

¶5     With his petition for review, the appellant's attorney filed a document entitled "Non-Consent Motion for Leave to File Appellant's Petition One Business Day Late, Petition Having Been Lodged." PFR File, Tab 2. Therein, counsel asserted that on Friday, March 28, he finished the petition for review and attempted to file it using the Board's e-Appeal system.[2] He explained that the petition was within the Board's page limit, but the word count exceeded the Board's 7,500-word limitation by almost 5,000 words.[3] *Id.* at 1. Counsel asserted that the Board's page limitation methodology "is different from those of the Federal appellate courts, and appears to be different from the last time [he] appeared before the Board." *Id.* at 2. Because he believed that it was too late to submit a motion to exceed the word limit, he explained, counsel started editing the petition for review but did not complete the task by midnight. *Id.* He alleged that he sought to file the petition on Saturday, March 29, but was unable to log into the e-Appeal system. *Id.* at 1, 3-4. He again sought to file the petition on Monday, March 31, and was unable to log in. *Id.* at 2, 5-7. Instead, he hand-delivered the petition to the Board that day. PFR File, Tab 1. Counsel argues that the agency was not prejudiced by his untimely submission of the petition for review and that agency counsel was "unavailable for consent" to his

---

[2] Although the appellant hand-delivered his petition for review and motion, *see* PFR File, Tabs 1-2, he was a registered e-filer, *see, e.g.*, IAF, Tab 6.

[3] "A petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less." 5 C.F.R. § 1201.114(h).

late filing. PFR File, Tab 2 at 1-2. The motion does not include any affidavit or statement signed under penalty of perjury. *Id.* at 3-7.

¶6     To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of the party's excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). An appellant who files an untimely pleading bears the burden of proof on the issue of timeliness by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Sanders v. Department of the Treasury*, 88 M.S.P.R. 370, ¶ 5 (2001).

¶7     A delay of 3 days is relatively brief. *See Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009). Additionally, the Clerk of the Board's acknowledgment letter did not address the timeliness issue, *see* PFR File, Tab 3, and normal processing of the petition continued, possibly suggesting that the appellant had shown good cause for the untimely submission.[4] Conversely,

---

[4] In another context, however, our reviewing court has explained that a communication from the Clerk of the Board does not constitute a final decision of the Board. *See McCormack v. Merit Systems Protection Board*, No. 91-3547, 1994 WL 746298, at *2 (Fed. Cir. June 3,1994); *see also Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 8 (2013) (although the Clerk of the Board customarily issues a letter to the parties acknowledging the receipt of the petition for review, this letter is not required by law, rule, or regulation; it is issued as a courtesy to the parties and to facilitate an orderly adjudication on review).

the Clerk did not issue an order granting the appellant's motion. *Cf.* PFR File, Tab 8.

¶8    The brevity of the delay notwithstanding, the appellant has not shown good cause for his failure to meet the filing deadline. He is represented by an attorney who purports to have practiced before the Board, *see* PFR File, Tab 2 at 2, and would thus be on notice of the Board's practices and procedures. By filing the "non-consent motion," counsel acknowledged that he knew that the Board requires parties to show good cause for the delay before it will accept an untimely pleading. Counsel also affirmatively stated that the delay was entirely his fault. *See id.* Nevertheless, the Board has long held that an appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶9    Further, counsel's error was avoidable. Although he asserts that he discovered at the eleventh hour that the petition was too long, it is difficult to believe that the word count was unexpected. A 5,000-word overage would be noticeable when a document is limited to 7,500 words. The Board has not made changes to the e-Appeal software affecting the system's word count methodology. Counsel also failed to submit a motion for an extension of time in which to file. Such a motion would have been timely filed on March 28, 2014.[5] *See* 5 C.F.R. § 1201.114(f) ("Motions for extensions must be filed with the Clerk of the Board

---

[5] The appellant's attorney made similar mistakes when he attempted to file the appellant's reply to the agency's response to the petition for review. Counsel requested and received an extension of time in which to file. *See* PFR File, Tabs 5-6. After the deadline passed, he moved for leave to file his pleading after the deadline and to exceed the Board's word limit. PFR File, Tab 7. The Clerk denied the motion. PFR File, Tab 8. Counsel later filed the reply, accompanied by a "non-consent motion" asking the Board to accept the pleading. PFR File, Tab 9. The agency objected, stating that counsel failed to explain any efforts he might have made to contact agency representatives. PFR File, Tab 10. In response, counsel explained that he "neglected through inadvertence to correct the contact representation." PFR File, Tab 11.

*on or before* the date on which the petition or other pleading is due." (emphasis added)).

¶10    Considering all of the circumstances, we dismiss the petition for review as untimely filed without good cause shown for the delay in filing. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:           _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.